[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS RE: DEPOSITION OF BARBARA FRECHETTE
The plaintiff, Mt. Maumee Partnership, and Barbara Frechette, who is not a party to this lawsuit, have filed numerous motions to prohibit or restrict the efforts of the defendants, S.E. Minor 
Co., Inc. and Leonard Szczesny, to depose Mrs. Frechette. These CT Page 5163-E motions have been numbered by the clerk of the court as follows: 161, 162, 165, 166, 167, 168, 169, 173, 174, 175, 179, 180, 181, 182, and 183. The following rulings should resolve the issues which the parties have presented in these motions.
The court has read the pleadings listed above, the complaint (pleading dated September 18, 1995), the answer and special defenses (pleading dated March 20, 1995), and other pleadings. The court realizes that the plaintiff contends the defendants have improperly filed the answer and special defenses and that Judge Hauser is considering a motion addressed to this issue. At the present time, this case is scheduled for a hearing in damages.
Mrs. Frechette is a partner of the plaintiff organization. While there is no claim she is a general partner, she may nevertheless possess information which could lead to the discovery of admissible evidence. Accordingly, the motions to quash the subpoena served upon her are denied.
After reviewing the pleadings, the court has concluded that a limited protective order should issue. Inquiries about the following matters do not appear to be appropriate: loans for the Kent project; Roger Frechette's involvement in the Kent project and/or Mt. Maumee; Roger Frechette's willingness to be a guarantor on at least one of Mt. Maumee's loans for the Project; agreements and/or releases between Mt. Maumee and Simms as they relate to litigation other than this case; and objections Simms had to the filing of this lawsuit. These matters should not be inquired into at the deposition of Mrs. Frechette.
Despite the objections by the plaintiff and Mrs. Frechette, the court concludes the defendants have grounds to inquire about the following matters: Mrs. Frechette's involvement with the road construction project which is described in the complaint; allegations that S. F. Minor Co. was working in concert with Simms and Roger Arnow to the detriment of Mt. Maumee; allegations that Roger Arnow was working in concert with Simms to the detriment of Mt. Maumee; agreements and/or releases between Mt. Maumee and Simms as they relate to this litigation; limitations, if any, on Simms' authority to act on behalf of Mt. Maumee.
The parties should conduct the deposition of Mrs. Frechette in accordance with the foregoing rulings.
THIM, JUDGE CT Page 5163-F